CIACCIO, Judge.
In September 1988, plaintiff, Barton W. Longman, filed all documents as required by LSA-R.S. 35:191 et seq. in the 25th Judicial District Court in order to be certified as qualified for a notarial commission in Plaquemines Parish. Mark Pivach, Chairman of the Plaquemines Parish Notarial Commission, advised plaintiff by letter that he had received plaintiffs “Application to be Certified as Qualified for a Notarial Commission,” and further informed him that the notarial examination would be held on December 12, 1988 at the Clerk of Court’s office in Plaquemines Parish.
On December 12, 1988, plaintiff took the exam and after completing it, returned it to the deputy clerk. On January 31, 1989, Pivach sent plaintiff a letter informing him that he had failed the exam, but was eligible to retake it in December 1989. Shortly thereafter, plaintiff sent written interrogatories to Pivach requesting information regarding his exam and the notarial commission’s grading procedures.
After Pivach failed to respond to the interrogatories, plaintiff filed a petition for a writ of mandamus in the district court asking the court to order defendant, Plaquemines Parish Notarial Commission, to allow plaintiff free and unrestricted access to specific notarial commission documents, examinations and grading records. A hearing was held on the matter on June 12, 1989. The following day the district court judge issued a writ of mandamus ordering that the defendant allow plaintiff free and unrestricted access to his own notarial exam taken December 12, 1988, to copies of past blank notarial exams administered between December 1985 through December 1988, to any and all records or information of the notarial commission relevant to the grading system determining whether applicant has passed or failed the examination, and to any and all records which show how each commission member participates in the grading of the exam. The defendants appealed.
Plaquemines Parish Notarial Commission argues on appeal that the notarial examination administered by it is analogous to the bar examination administered by the Louisiana State Bar Association to prospective attorneys and, under a series of state and federal court decisions, denying an applicant post-examination review of a failing exam is not a denial of due process of law. The commission contends that absent a showing by plaintiff that it acted arbitrarily, capriciously or unfairly, plaintiff does not have an unqualified right to review his exam or copies of past notarial exams administered by the notarial commission. The commission further argues that the *454 notarial examination it administers in Plaquemines Parish has been virtually the same exam for the past several years and will remain unchanged until the qualifications to become a notary public are changed. Allowing plaintiff review of his failed exam, the commission argues, would give him an unfair advantage on a future notarial examination and for that reason he should be denied access to his own as well as past notarial exams administered by the Plaquemines Parish Notarial Commission.
Plaintiff argues that under LSA-R.S. 35:1, a notary public is a public office to which a person may be appointed by the Governor with the advice and consent of the Senate upon appropriate certification of the Judiciary. Because the notary public is a public office, plaintiff argues that the records of the Plaquemines Parish Notarial Commission, including the notarial examination and grading records of the same, are public records pursuant to the public record statute, LSA-R.S. 44:1 et seq. Hence, plaintiff contends he has a right to review his exam, copies of past exams and all records regarding the grading of the exam.
While we are cognizant of the fact that attorneys licensed by the Louisiana State Bar Association are exempt from taking a notarial examination to obtain a notarial commission in this state, LSA-R.S. 35:191, we find the Louisiana State Bar examination and notarial examination administered by the Plaquemines Parish Notarial Commission are clearly distinguishable. Without expounding on the distinguishing factors, we do take notice that the applicants for the Louisiana State Bar examination have access to copies of past bar examinations and after completing their examination are allowed to retain the examination questions. The fact that the Plaque-mines Parish Notarial examination has been the same for the past several years, except for very minor changes, is not a compelling reason to deny plaintiff access to his exam or past exams.
The duties of a notary public are set forth in LSA-R.S. 35:2 as follows:
Section 2. General powers; administration of certain oaths in any parish
A. (1) Notaries public have power within their several parishes:
(a) To make inventories, appraise-ments, and partitions;
(b) To receive wills, make protests, matrimonial contracts, conveyances and generally, all contracts and instruments of writing;
(c) To hold family meetings and meetings of creditors;
(d) To receive acknowledgements of instruments under private signature;
(e) To make affidavits of corrections;
(f) To affix the seals upon the effects of deceased persons and to raise the same.
(2) All acts executed by a notary public in conformity with the provisions of Civil Code Art. 2234, shall be authentic acts.
(3) Notwithstanding any provision in the law to the contrary, a notary public shall have power, within the parish or parishes in which he is authorized, to exercise all of the functions of a notary public and to receive wills in which he is named as administrator, executor, trustee, attorney for the administrator, attorney for the executor, attorney for the trustee, attorney for a legatee, attorney for an heir, or attorney for the estate.
B. However, each notary public of this state shall have authority to administer oaths to parties appearing before such notary in any parish of the state for the taking or execution of depositions, interrogatories, and statements to be used in courts of record of this state. Such oaths, and the certificates issued by such notaries shall be received in the courts of this state and shall have legal efficacy, including legal efficacy for purposes of the laws on perjury.
The purpose of the notarial examination is to test the knowledge of the applicant with regard to those laws to determine his ability to carry out the duties of a notary. Unlike the bar examination, the notarial examination is not a test of an applicant’s general knowledge of the law, his deduc *455 tive or logical reasoning abilities or his ability to identify legal issues. To the extent that prior examinations alert an applicant to the importance of certain laws dealing with the function of a notary, they merely aid in educating the applicant for his future responsibilities.
Pretermitting the issue of whether the Plaquemines Parish Notarial Commission’s examination and grading records constitute public records under LSA-R.S. 44:1 et seq., we do not find the trial judge abused his discretion is issuing the writ of mandamus. There is nothing in the record which demonstrates that plaintiff should not have access to his exam, blank copies of past exams or the records relevant to the grading system. To provide such information would not change the final result of plaintiffs December 12, 1988 exam. Absent reasons for judgment and based on the evidence before us, we can not say the decision of the trial judge was clearly erroneous.
Accordingly, the judgment of the trial court issuing a writ of mandamus ordering the Plaquemines Parish Notarial Commission to provide petitioner free and unrestricted access to his own examination, past examinations, all records relevant to the grading system and all records relevant to each Commission member’s participation in the grading process is affirmed.
AFFIRMED.
SCHOTT, C.J., concurs in result.